UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

| | : | |
|---|---|---|
| RUSSELL FENNELL | : | CASE NO. 5:06-CV-2883 |
| | : | |
| Plaintiff, | : | JUDGE JAMES S. GWIN |
| | : | |
| vs. | : | ORDER & OPINION |
| | : | [Resolving Docs. 4, 20 & 21] |
| THE UNIVERSITY OF AKRON, et al, | : | |
| | : | |
| Defendants. | : | |
| | : | |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On March 27, 2007, Defendants The University of Akron ("University"), *et al*, filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). [Doc. 4.] The motion alleged four grounds for dismissal: (1) all of Plaintiff's claims are time barred; (2) University is protected by immunity under the Eleventh Amendment; (3) University is not a "person" for purposes of 42 U.S.C. § 1983; and (4) all individually named defendants are protected by qualified immunity. On June 29, 2007, Plaintiff Russell Fennell opposed the motion. [Doc. 20.] For the following reasons, the Court hereby **GRANTS** Defendants' Motion to Dismiss.

Previously, the Court dismissed Plaintiff's Title VII claim, as well as Plaintiff's 42 U.S.C. § 1983 claim against University's President and police force. [Doc. 3.] Plaintiff's only remaining claims are § 1983 claims against University and three individually named employees of University. Each of these claims is barred by the statute of limitations.

-1-

Case No. 5:06-CV-2883
Gwin, J.

Initially, the U.S. Supreme Court has held that "statutes of limitations for § 1983 actions are borrowed from state law, but that the question of how to characterize § 1983 actions to determine the most analogous state statute of limitations is a question of federal law." *Kuhnle Bros. v. County of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997) (citing *Wilson v. Garcia*, 471 U.S. 261 (1985)). In *Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989), the Sixth Circuit "definitively held that 'the appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio . . . requires that actions . . . be filed within two years after their accrual.'" *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1105 (6th Cir. 1995) (citing *Browning*, 869 F.2d at 992).

In the instant case, Plaintiff's complaint derives from a verbal dispute with an employee of University's financial aid office in July 2002. Thereafter, charges were filed with University's Office of Student Conduct and a University hearing board commenced a proceeding to address the matter. Although the hearing board recommended that Plaintiff be suspended, University officials opted to dismiss Plaintiff from University. This decision was made and enforced in the summer of 2002.

Plaintiff then filed a Complaint with the United States Department of Education, Office for Civil Rights, which issued a "Letter Decision," dated March 5, 2003. Even assuming that the action pending before the Office for Civil Rights somehow tolled the statute of limitations governing Plaintiff's claim, the applicable two year statute of limitations governing § 1983 actions would bar any action commenced by Plaintiff after March 5, 2005. Plaintiff has offered no evidence of any other appeals permitted by the Office for Civil Rights that would arguably toll the statute of limitations for any additional period of time.

Plaintiff filed a Complaint in the instant case on November 30, 2006, significantly beyond

Case No. 5:06-CV-2883
Gwin, J.

the time permitted by the statute of limitations. This fact is not disputed by Plaintiff in his Opposition to Defendants' Motion to Dismiss. As such, all remaining causes of action pursued by Plaintiff are time barred and warrant dismissal.

Even if Plaintiff's remaining causes of action were not time barred, his § 1983 claim against University fails for two additional independent reasons. Initially, the Eleventh Amendment prohibits federal courts from exercising jurisdiction over suits against state entities absent their consent. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("This Court's decisions thus establish that 'an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state.'") (citation omitted). Additionally,

> § 1983 does not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States; nor does it have a history which focuses directly on the question of state liability and which shows that Congress considered and firmly decided to abrogate the Eleventh Amendment immunity of the States.

*Quern v. Jordan*, 440 U.S. 332, 345 (1979).

In *Hall v. Med. Coll. of Ohio*, 742 F.2d 299, 307 (6th Cir. 1984), the Court held that Ohio's state universities are protected as state entities by the Eleventh Amendment. Given that University is a state institution pursuant to O.R.C. Chapter 3359 and University has not consented to suit in the instant case, Plaintiff's claims against University are barred by the Eleventh Amendment.

Secondly, 42 U.S.C. § 1983 applies to "Every person who . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights." However, the Supreme Court has held that state entities are not "persons" as defined by § 1983. *Will v. Mich. Dept. of State Police*, 491 U.S. 58 (1989). Therefore, University is not a party that can be held liable under the auspices of 42 U.S.C. § 1983 and

-3-

Case No. 5:06-CV-2883
Gwin, J.

Plaintiff's claims against it must be dismissed.

Finally, Plaintiff raises two new claims in his Opposition to Motion to Dismiss: (1) Defendant Erin Farnsworth was not acting in her official capacity, but was actually retaliating against Plaintiff because he questioned her honesty; and (2) Plaintiff was denied due process because his request for counsel during the proceeding before the University hearing board was denied. Plaintiff may not implicitly amend his complaint by simply asserting new claims in opposition to a dispositive motion. Even if such claims were permitted, both of Plaintiff's new claims also fail to meet the requirements of the statute of limitations and are thus time barred.

Finally, Plaintiff's new claims also fail on their merits. The Sixth Circuit has held that retaliation claims fail if the defendant sued lacks the authority to make the retaliatory decision at issue, regardless of whether that defendant's conduct initiated any responsive action taken against the plaintiff. *See Shehee v. Luttrell*, 199 F. 3d 295, 301 (6th Cir. 1999). Given that Farnsworth lacked the capacity to expel Plaintiff from University, Plaintiff's claim of retaliation against her fails.

With regard to Plaintiff's newly-raised due process violation, "Ordinarily, colleges and universities need not allow active representation by legal counsel or some other sort of campus advocate." *Flaim v. Med. Coll. of Ohio*, 418 F.3d 629, 636 (6th Cir. 2005). "[A] right to counsel may exist if 'an attorney presented the University's case, or [] the hearing [was] subject to complex rules of evidence or procedure.'" *Id.* at 640 (citing *Jaksa v. Regents of Univ. of Mich.*, 597 F. Supp. 1245, 1252 (D. Mich. 1984)). In the instant case, Plaintiff has presented no evidence that an attorney presented University's case or that his disciplinary hearing was subject to complex rules of evidence or procedure. As such, Plaintiff did not possess a right to representation throughout his

Case No. 5:06-CV-2883
Gwin, J.

proceeding before the University hearing board and no violation of his due process rights occurred.

For all the aforementioned reasons, the Court hereby **GRANTS** Defendants' Motion to Dismiss.

IT IS SO ORDERED.


Dated: July 31, 2007                     s/     *James S. Gwin*
                                         JAMES S. GWIN
                                         UNITED STATES DISTRICT JUDGE